O

# United States District Court
# Central District of California

COLUMBUS GRIGSBY,

              Plaintiff,

    v.

TECOMATE CORP D/B/A EL BARON RESTAURANT et al.,

              Defendants.

Case № 2:19-CV-08735-ODW (KSx)

**ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [19]**

## I.      INTRODUCTION

Plaintiff Columbus Grigsby moves for entry of default judgment against Defendant Tecomate Corp. dba El Baron Restaurant ("Tecomate"). (Mot. Def. J. ("Motion" or "Mot.") 1, ECF No. 19.) For the reasons discussed below, the Court **DENIES** Grigsby's Motion.[1]

## II.      BACKGROUND

Grigsby filed this action on October 10, 2019, asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law, relating to his visits to Tecomate's restaurant on July 8, 2019, and August 28, 2019. (Compl. ¶¶ 10, 18–55.) The Court declined to exercise supplemental jurisdiction over Grigsby's state

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

law claims and dismissed them without prejudice. (Order Declining Suppl. Jurisdiction 8, ECF No. 12.)

Grigsby served Tecomate with a Summons and the Complaint on December 2, 2019. (Proof of Service, ECF No. 14.) Tecomate failed to answer or otherwise respond to the Complaint, and Grigsby requested an entry of default on July 1, 2020. (Req. for Entry of Default, ECF No. 16.) The Clerk entered default that same day. (Entry of Default, ECF No. 18.) Grigsby filed the present Motion on August 3, 2020. (Mot. 1.)

## III.    LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1. Local Rule 55-1 requires that motions for default judgment include: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys.*, *Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal.

2002).   Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

A party who has violated the ADA is liable for attorneys' fees and costs under 42 U.S.C. § 12205.  Where, on motion for default judgment, a party seeks attorneys' fees and costs pursuant to a statute, those fees are calculated in accordance with the schedule provided by the Court.  C.D. Cal. L.R. 55-3.  A court may award attorneys' fees in excess of the schedule when the attorney makes a request at the time of the entry of default.  *Id.*

## IV.    DISCUSSION

As detailed below, the Court finds that Grigsby meets the procedural requirements for his Motion, but the *Eitel* factors do not support granting default judgment.

### A.    Procedural Requirements

Grigsby satisfies the procedural requirements for an entry of default judgment. He states in his Motion and supporting declaration that: (1) the Clerk entered default against Tecomate on July 1, 2020; (2) default was entered based on the Complaint filed on October 10, 2019; (3) Tecomate is not a minor, an incompetent person, or a person in military service; (4) Tecomate is not exempt under the Servicemembers Civil Relief Act; and (5) Grigsby properly served Tecomate via first class United States mail on August 2, 2020.  (Mot. 1; Decl. of Jason Yoon ¶¶ 3, 5, ECF No. 19-3.) Thus, Grigsby satisfies the procedural requirements of Local Rule 55-1 and Rules 54(c) and 55.  *See Vogel*, 992 F. Supp. 2d at 1006.

**B.    *Eitel* Factors**

The second and third *Eitel* factors are dispositive here, so the Court begins with them.  These two factors, which address the merits of the claims and the sufficiency of the complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

Grigsby's lone remaining claim for relief is brought under the ADA.  (*See* Compl. ¶¶ 18–35.)  To prevail on this claim, Grigsby must show that (1) "he is disabled within the meaning of the ADA"; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation"; (3) "the plaintiff was denied public accommodations by the defendant because of his disability"; (4) "the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA"; and (5) removing the barrier is "readily achievable."  *Vogel*, 992 F. Supp. 2d at 1007–08 (brackets omitted) (first quoting *Molski v. M.J. Cable Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); and then quoting *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

In this context, architectural barriers are defined by reference to the ADA Accessibility Guidelines (the "ADAAG").  *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).  Relevantly, the ADAAG states, "Where parking spaces are provided, parking spaces shall be provided in accordance with [section] 208."  2010 ADAAG § 208.1; *see id.* § 208 (setting forth accessibility requirements for parking spaces).  Similarly, the ADAAG states, "Where toilet rooms

are provided, each toilet room shall comply with [section] 603." *Id.* § 213.2; *see also id.* § 603 (setting forth accessibility requirements for toilet and bathing rooms).

Here, Grigsby's factual allegations do not establish the fourth element of his ADA claim (i.e., the existence of architectural barriers at the defendant's property) because Grigsby fails to allege that Tecomate provides parking spaces or restroom facilities for its customers. Grigsby states in conclusory fashion that Tecomate "failed to provide any parking space designated for persons with disabilities," (*see* Compl. ¶ 13(a)), but his allegations do not demonstrate that Tecomate provides parking to its customers, such that the lack of accessible parking would constitute an architectural barrier under the ADA, s*ee* 2010 ADAAG § 208.1 ("***Where parking spaces are provided***, parking spaces shall be provided in accordance with [section] 208." (emphasis added)). Similarly, Grigsby alleges that a restroom "was not accessible," (*see* Compl. ¶ 13(g)), but his allegations are vague and do not demonstrate that Tecomate provides restrooms to its customers, such that the restroom referenced in the Complaint constitutes an architectural barrier under the ADA. *See* 2010 ADAAG § 213.2 ("***Where toilet rooms are provided***, each toilet room shall comply with [section] 603." (emphasis added)).

Accepting the well-pleaded factual allegations in the Complaint as true, Grigsby fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267 ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." (citing *Danning*, 572 F.2d at 1388)). Thus, the second and third *Eitel* factors alone demonstrate default judgment is improper, and the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-cv-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020). However, leave to amend is appropriate because Grigsby's failure to state a claim is based on insufficient allegations which could theoretically be cured. *Id.*

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Grigsby's Motion for Default Judgment.  (ECF No. 19.)  The Court accordingly denies Grigsby's request for attorneys' fees.  The default previously entered against Grigsby is hereby **SET ASIDE**.  (ECF No. 17.)  If Grigsby chooses to amend his Complaint to address the deficiencies identified herein, any amended complaint must be filed and served within twenty-one (21) days of the date of this Order.  Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

January 14, 2021

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**